FILED

2022 Sep-16  PM 05:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE SMITHSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | |
| | ) | _____ |
| | ) | JURY DEMAND |
| KAESER COMPRESSORS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

### INTRODUCTION

Plaintiff Michael Smithson brings this action for legal and equitable relief to address unlawful employment practices by Defendant Kaeser Compressors, Inc. This complaint alleges violations of the Americans with Disabilities Act as amended ("ADA"). Plaintiff alleges that Defendant discriminated against him because of he was regarded as having a disability or because he had an actual disability.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28

1

U.S.C. §§ 2201, 2202; 29 U.S.C. § 794a; 42 U.S.C. § 2000e *et seq.*; and 42 U.S.C. § 12117. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured under the law.

2.      Venue is proper pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURES

3.      On February 12, 2021, within 180 days of the acts of discrimination brought forth in this complaint, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC"). (**Ex. A to Complaint, attached**).

4.      Plaintiff has timely filed this complaint within ninety days (90) of the receipt of a Notice of Right to Sue issued by the EEOC on June 6, 2022. (**Ex. B to Complaint, attached**).

5.      Plaintiff Michael Smithson has satisfied all conditions precedent to bringing this action.

## PARTIES

6.      Plaintiff, Michael Wayne Smithson, is a fifty-three (53) year old Caucasian male.

7.      Plaintiff is a citizen of the United States and a resident of St. Clair County in the State of Alabama.

8.      Plaintiff was employed by Defendant to work in Alabama locations for

2

more than nineteen (19) years.

9.      Plaintiff is an individual with a disability in that he suffered an electrocution that left him with permanent injuries, including nerve damage in his right hand and arm, a physical impairment which substantially limits one or more of his major life activities.

10.     Plaintiff is an individual with a disability because he has a record of a physical impairment which substantially limits one or more of his major life activities.

11.     Plaintiff is also an individual with a disability because Defendant subjected him to an action prohibited under the law because he has an actual or perceived physical impairment which substantially limits his ability to work and has a history of such a disability.

12.     Defendant, Kaeser Compressors, Inc., (hereinafter "Kaeser") is a foreign corporation doing business in Alabama and is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

## FACTUAL ALLEGATIONS

13.     The plaintiff re-alleges and incorporates by reference paragraphs 1-12 with the same force and effect as if fully set out in specific detail herein below.

14.     Plaintiff began his employment with Defendant Kaeser on or about

June 15, 2003.

15.    Plaintiff started his employment with Defendant as a Service Technician.

16.    Defendant manufactures compressed air products, including rotary screw compressors, oil-less reciprocating compressors, rotary lobe blowers, rotary screw blowers and other related products.

17.    Defendant employs more than 300 workers.

18.    By the date of his termination by Defendant, September 14, 2020, Plaintiff had achieved the designation and title of Master Technician.

19.    In 2017, Plaintiff was electrocuted.

20.    Plaintiff was on leave from work for approximately six months after his electrocution.

21.    Plaintiff was left with permanent injuries resulting from the electrocution, including nerve damage in his right hand and arm. His ability to grip with his right hand is significantly impaired.

22.    Plaintiff was able to perform the essential functions of his job despite limitations.

23.    Plaintiff was able to resume his regular duties subject to reasonable accommodations upon his return to work six months after his electrocution incident.

4

24.    Plaintiff spoke to Ken Ferguson ("Ferguson"), Service Manager and Plaintiff's direct supervisor, about getting a helper to assist Plaintiff with some of the heavier aspects of his job.

25.    Ferguson told Plaintiff that Alabama did not make enough money to justify another technician.

26.    On August 1, 2020, Plaintiff injured his back at the pick-up/drop off ("PUDO") trying to move a portable air compressor to a customer.

27.    Plaintiff called and reported the injury to Ferguson who sounded irritated and told him to go to a doctor.

28.    On August 1, Plaintiff saw his primary care physician who referred Plaintiff to an orthopedic physician.

29.    Plaintiff saw an orthopedic physician on August 3, 2020.

30.    Plaintiff was restricted from work activities by his orthopedic physician's orders until September 14, 2020.

31.    Plaintiff was released to light duty work on September 14, 2020, by his orthopedic physician's orders lifting up to 20 lbs.

32.    On September 10, 2020, Plaintiff called Ferguson and told him that he had been released to return to work on Monday, September 14, 2020 with lifting restrictions.

5

33.     On September 10, 2020, Ferguson told Plaintiff to return and that he would find something for Plaintiff to do.

34.     On Monday, September 14, 2020, while at the PUDO, Ferguson called Plaintiff and asked if Plaintiff was at the PUDO.

35.     Ferguson told Plaintiff to stay there because he and Branch Manager, Vincent Jameson ("Jameson"), were enroute to the location.

36.     When the pair arrived, Plaintiff's employment was terminated by Ferguson and Jameson.

37.     Plaintiff was told he was being terminated because there were holes in the floor at the CEMEX facility in Demopolis, Alabama in the SAU room and oil leaks in two air compressors.

38.     Plaintiff questioned the validity of their reasons because Plaintiff had written up and reported the issue with the rotting wood on multiple occasions.

39.     Plaintiff had even taken pictures and sent them to Christina Dodson who is over the Sigma Air Utility ("SAU").

40.     Plaintiff's co-worker, Byron Hare, had also written up the issue with the leaking oil.

41.     Plaintiff asked if he could say or explain anything.

42.     Jameson told Plaintiff he could, but it would not make a difference in

6

the decision.

43.     Plaintiff alleges he was terminated because he has an actual disability or was regarded as having a disability.

44.     Plaintiff, despite his actual or perceived disability, performed the essential job duties and responsibilities required of his position in a satisfactory manner.

45.     The actions of Defendant were taken against Plaintiff because he has an actual disability or because it regarded him to be disabled.

46.     These actions were all in violation of the Americans with Disabilities Act ("ADA").

## CAUSE OF ACTION

### DISABILITY DISCRIMINATION - TERMINATION

47.     The plaintiff re-alleges and incorporates by reference paragraphs 1- 46 with the same force and effect as if fully set out in specific detail herein below.

48.     Plaintiff had a disability or was regarded by his employer as having a disability.

49.     Plaintiff is qualified individual who can perform the essential functions of his job with or without reasonable accommodations.

50.    On September 14, 2020, Defendant terminated Plaintiff's employment.

51.    Defendant terminated Plaintiff's employment because of his disability or because it regarded him to have a disability.

52.    Plaintiff's job duties were given by Defendant to individuals with no known disabilities.

53.    Defendant's reasons for Plaintiff's termination were pre-textual for actual disability discrimination.

54.    Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

55.    Defendant's actions were willful, with malice, and with reckless disregard.

56.    Plaintiff seeks to redress the wrongs alleged herein, and this suit is his only means of securing adequate relief.

57.    Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial by jury:

1.    Issue a declaratory judgment that the employment policies, practices,

8

procedures, conditions and customs of the Defendant are violative of Plaintiff's rights.

2.      Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant, and at Defendant's request, from continuing to violate Plaintiff's rights pursuant to the Americans with Disabilities Act.

3.      Enter an Order awarding Plaintiff damages including back-pay, nominal damages, pecuniary and non-pecuniary damages, compensatory damages, punitive damages and liquidated damages.

4.      Enter an Order reinstating Plaintiff to his former position.

5.      Award Plaintiff reasonable costs, attorneys' fees and expenses.

6.      Award such other relief and benefits as the cause of justice may require.


Respectfully submitted,


Kenneth D. Haynes
ASB-6190-H36K
Counsel for the Plaintiff

OF COUNSEL:
**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, AL 35226
Telephone:   (205) 879-0377
Facsimile:    (205) 879-3572
kdhaynes@haynes-haynes.com


PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

_____
OF COUNSEL


## PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:

Kaeser Compressors, Inc.
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104